CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 12 2004

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VERNELL A. JEFFRIES,  <br>Plaintiff, | ) <br> ) Civil Action No. 7:03CV00599 <br> ) |
| v. | ) **MEMORANDUM OPINION** <br> ) |
| SUPERINTENDENT CROSLEY, et. al.,  <br>Defendant(s). | ) By: Jackson L. Kiser <br> ) Senior U.S. District Judge |

This matter is before the court upon plaintiff Vernell A. Jeffries motion to reconsider and motion to reinstate. On September 10, 2003, this court entered an order dismissing plaintiff's § 1983 action because he had failed to exhaust his administrative remedies prior to filing his suit as required under 42 U.S.C. § 1997e(a). In his motion to reconsider filed in this court on September 25, 2003, Jeffries claims that he had, in fact, exhausted his administrative remedies and attached copies of three inmate request forms filed at the Central Virginia Regional Jail as evidence of exhaustion.

As stated in its September 10, 2003, order, Congress enacted the Prison Litigation Reform Act ("PLRA") in an attempt to reduce the number of frivolous civil rights cases filed by prisoners. In the PLRA, Congress amended 42 U.S.C. § 1997e, the provision relating to prisoners' exhaustion of administrative remedies. As amended, that section requires that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2000). By the plain language of the statute, exhaustion of administrative remedies is a *precondition* to the *filing* of a prisoner's civil rights action; thus, a plaintiff who filed his lawsuit before exhausting administrative remedies cannot satisfy the § 1997e(a) requirement, even if he later demonstrates that he filed a grievance and appealed it to the highest extent of the prison's

grievance procedure after commencing the lawsuit. See Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999). The United States Supreme Court has held that Section 1997e(a) applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," Nussle v. Porter, 534 U.S. 516, 122 S. Ct. 983, 992 (2002), and whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies, Booth v. Churner, 532 U.S. 731, 121 S. Ct. 1819 (2001).

Here, Jeffries has submitted copies of three inmate request forms as proof of exhaustion of his administrative remedies. However, a review of those documents clearly shows that they were filed after Jeffries had commenced this action. The inmate request forms are dated September 17, 2003. Jeffries signed and dated his complaint on August 28, 2003, and it was filed in this court on September 10, 2003. It is clear that Jeffries did not attempt to exhaust his administrative remedies prior to filing this action as required by § 1997e(a) and cannot now rely upon those subsequent attempts at exhaustion to satisfy that pre-filing requirement in this case. Thus, Jeffries motion to reconsider shall be denied. Accordingly, there is no basis upon which to reinstate this case and Jeffries motion to reinstate shall also be denied. Inasmuch as this action was dismissed without prejudice, Jeffries is advised that he may refile the action as a new suit if he so chooses.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 12th day of Feb., 2004.

/s/ Jackson L. Kiser
Senior U.S. District Judge